Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000158
26-JUN-2017
07:50 AM

NO. CAAP-16-0000158

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

US BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset
Securities Corporation Mortgage Loan Trust, 2006-NC1,
Plaintiff/Counterclaim-Defendant/Appellant/
Cross-appellee/Appellee/Cross-Appellant,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants/Cross-Claim Defendants/Appellees/
Cross-Appellants/Appellants/Cross-Appellees,
and
COUNTY OF MAUI,
WAILUKU COUNTRY ESTATES COMMUNITY ASSOCIATION, INC.,
Defendants/Cross-claim Defendants/Appellees
and
FINANCE FACTORS, LIMITED,
Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Appellee
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0961(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Plaintiff-Appellant US Bank National Association, As
Trustee for the Structured Asset Securities Corporation Mortgage
orders filed on February 12, 2016, in the Circuit Court of the
Second Circuit (**circuit court**):

(1) the "Order Granting in Part and Denying in Part [USBNA's] Motion to Set Supersedeas Bond For a Stay Pending Appeal," filed on February 12, 2016; and

(2) the "Order Granting in Part and Denying in Part [USBNA's] Motion for Reconsideration of This Court's November 18, 2015 Rulings Regarding (1) [USBNA's] Motion to Set Supersedeas Bond For a Stay Pending Appeal and (2) Defendants Daneford Michael Wright and Ellareen Uilani Wright's HRCP Rule 41(b)(1) and (3) Motion for Involuntary Dismissal of [USBNA's] Complaint and This Entire Action With Prejudice For the Bad Faith Lack of Prosecution and For the Accompanying Disobeying of Court Orders," filed on February 12, 2016.[1]

On appeal, USBNA contends the circuit court erred when it: (1) stayed the sale of the property involved in this judicial foreclosure proceeding pending resolution of prior appeals in this case, and ordered USBNA to deposit $100,000.00 into an interest bearing account, instead of granting USBNA's request to stay the distribution of excess sale proceeds from the foreclosure sale; (2) granted in part and denied in part USBNA's motion for reconsideration regarding USBNA's stay request; and (3) denied USBNA's motion for reconsideration regarding Defendants-Appellees Daneford Michael Wright and Ellareen Uilani Wright's (the Wrights) "Motion for Involuntary Dismissal of [USBNA's] Complaint and this Entire Action With Prejudice for the Bad Faith Lack of Prosecution and for the Accompanying Disobeying of Court Orders" filed pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 41(b)(1) and (3)[2] (HRCP Rule 41(b) Motion).

---

[1] The Honorable Peter T. Cahill presided.

[2] HRCP Rule 41(b)(1) and (3) provide:

**(b) Involuntary dismissal: Effect thereof.**

(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against it.

(continued...)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve USBNA's points of error as follows.

In a memorandum opinion filed on May 5, 2017, this court previously decided issues associated with this foreclosure action and provided a detailed background of this case. See U.S. Bank Nat'l Ass'n for Structured Asset Sec. Corp. Mortg. Loan Tr., 2006-NC1 v. Wright, Nos. CAAP-15-0000401, CAAP-15-0000578, CAAP-15-0000579, CAAP-15-0000714, 2017 WL 1829680 (Haw. App. May 5, 2017) (Mem. Op.).

This appeal involves the two post-judgment orders filed on February 12, 2016, which were entered after the circuit court's order (**Order Confirming Sale**) dated September 2, 2015, which, *inter alia*, ruled that USBNA's credit bid at a foreclosure auction of the Wrights' property was approved. In the Order Confirming Sale, the circuit court also ruled that $73,422.01, which amounted to the difference between the credit bid and the amount due and owed on the Note, must be delivered and deposited into an escrow account at least ten (10) days prior to closing. Further, the Order Confirming Sale stated that the "Commissioner is hereby authorized and directed to effect a closing of the sale of the property to Purchaser or Purchaser's nominee within thirty-five (35) days after this Order is entered, and upon payment of the closing costs and the balance of the sale price."

---

[2](...continued)

. . . .

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

### (1) Motion for Stay Pending Appeal

On October 28, 2015, USBNA filed a motion (**Motion for Stay**) pursuant to HRCP Rules 7 and 62(d)[3] in which USBNA asserted that it was seeking: (1) to set the amount of a supersedeas bond pursuant to HRCP Rule 62(d); and (2) for a stay of the circuit court's previous Order Confirming Sale "only to the extent it requires the distribution of any 'excess' sale proceeds to lienholders of record." (Emphasis omitted.) USBNA further asserted that it was "<u>not</u> seeking a stay of the remaining portions of the Confirmation Order, including without limitation the closing of the sale transaction, the payment of the Commissioner's fees and costs, and/or the discharge of the Commissioner." In addition, USBNA asserted that it was requesting a stay because if it was successful in its then pending appeals, "the amounts due and owing to [USBNA] might be more than the amounts awarded in the Foreclosure Judgment. To the extent said additional amounts are secured by [USBNA's] first priority mortgage, [USBNA] would be entitled to the payment of the excess sale proceeds."

On February 12, 2016, the circuit court filed the order granting in part and denying in part USBNA's Motion for Stay, in which it ordered:

1. The sale of the Subject Property is stayed pending appeal, and no supersedeas bond is permitted;
2. US Bank shall deposit the disputed excess sale proceeds of $73,422.01 into an interest bearing account ("Account") within 10 days. The Commissioner may deduct from said account the amount of Commissioner's fees and costs awarded by the Court.
3. US Bank shall deposit an additional sum of $100,000.00 ("100,000.00 Fund") in the Account.
4. The Commissioner may submit to the Court on a

---

[3] HRCP Rule 62(d) provides:

> **(d) Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

4

> quarterly basis an ex parte motion to request further fees and costs incurred.  Upon approval by the Court, the Commissioner may deduct amounts for said fees and costs from the $100,000.00 Fund.
>
> 5.    The Commissioner remains responsible to pay taxes assessed against the Subject Property and is authorized to deduct amounts from the $100,000.00 Fund to pay said taxes and pay for insurance for the Subject Property.  Commissioner shall file an ex parte motion for approval to pay any expenses other than taxes and insurance.  Said expenses would be deducted from the $100,000.00 Fund.
>
> 6.    Finance Factors, Limited may request disbursal of funds in the Account.
>
> 7.    US Bank shall provide proof of the above-referenced deposits in the Account within ten (10) days after it is accomplished, by written submission to the Court.

On appeal, USBNA contends that the circuit court abused its discretion when it ordered a stay of the sale of the property pending appeal and ordered USBNA to deposit $100,000.00 in an interest bearing account.  USBNA contends that the circuit court's order to stay the sale of the property was not supported by any clear reasoning or legal principles.

At the hearing on the Motion for Stay the circuit court pointed to the fact that USBNA did not go through with the sale within the thirty-five days required in the Order Confirming Sale.  The circuit court stated that "now the 35 days has passed and [USBNA is] not going to be able to close without a Court order, but the stay is to stay the sale of the property."  The circuit court does not appear to give any other reasoning for its decision to stay the sale of the property.

"In judicial sales, the court is the vendor and the confirmation of sale is the equivalent of a valid contract of sale."  First Hawaiian Bank v. Timothy, 96 Hawai'i 348, 361, 31 P.3d 205, 218 (App. 2001) (citation and brackets omitted); 47 Am. Jur. 2d Judicial Sales § 201 (2006) ("The confirmation by the court of a judicial sale is the equivalent of a valid contract of sale.").

> Generally, when a purchaser at a judicial sale fails to comply with his or her bid and fulfill the terms of the contract of purchase, several courses of action are open to the court:
>
> > (1) it may set aside the sale, release the purchaser, and decree a resale; (2) it may

> confirm the sale and permit an action at law to be instituted against the purchaser and its sureties, to recover the amount of the bid, or damages; (3) it may have recourse to the vendor's lien reserved for the price, or to the purchase-money mortgage or other security that may have been given; (4) it may specifically enforce compliance by summary proceedings against the purchaser; and in some jurisdictions, its successors or sureties; or (5) it may order a resale at the purchaser's risk, with a provision that he or she shall be held for the deficiency and costs of resale in case the property brings less than the bid at the first sale.

First Hawaiian Bank, 96 Hawai'i at 362, 31 P.3d at 219 (citation omitted); see 47 Am. Jur. 2d Judicial Sales § 141 (2006); see also Powers v. Shaw, 1 Haw. App. 374, 378, 619 P.2d 1098, 1102 (1980) (stating "when a purchaser at a judicial sale fails to complete the sale, the expenses of sale including attorney's fees may be imposed upon her").

It appears that the circuit court's reasoning to stay the sale of the property pending appeal was related to the fact that USBNA did not complete the sale within the thirty-five days as required under the Order Confirming Sale. Given Hawai'i case law, the circuit court had several options to address USBNA's failure to comply with the Order Confirming Sale, including determining appropriate damages for the delay caused by not executing the sale or ordering a resale of the property. Staying the sale of the property pending appeal is not an option endorsed by the case law. Further, the circuit court does not appear to indicate how staying the sale of the property relates to, or provides any remedy for, USBNA's failure to execute the sale within the period established in the Order Confirming Sale. Given these circumstances, we vacate the circuit court's order staying the sale of the property.

In addition, the circuit court required $100,000.00 to be deposited into an interest bearing account to pay for the real estate taxes, insurance, and other expenses while the case was

stayed pending appeal. Because we vacate the circuit court's order staying the sale of the property, we also vacate the circuit court's ruling regarding the $100,000.00, subject to any necessary orders by the circuit court on remand to address payments that were made while this appeal was pending.

Based on the above, the circuit court also erred in not granting reconsideration as to staying the sale of the property pending the prior appeals, and in requiring a deposit of the $100,000.

### (2) The Wrights' HRCP Rule 41(b) Motion

USBNA challenges the circuit court's February 12, 2016 order granting in part and denying in part USBNA's motion for reconsideration to the extent the order denied reconsideration regarding the circuit court's preliminary rulings on the Wrights' HRCP Rule 41(b) Motion.[4] USBNA contends the circuit court did not have jurisdiction to consider the Wrights' motion.

However, we do not have appellate jurisdiction in this appeal over the circuit court's rulings regarding the Wrights' HRCP Rule 41(b) Motion, notwithstanding that other parts of the order denying reconsideration are properly before the court in this appeal. A post-judgment order is not appealable "if the rights of a party involved remain undetermined or if the matter is retained for further action." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted).

Here, the circuit court orally ruled on the Wrights' motion that the Wrights were entitled to an evidentiary hearing on their HRCP Rule 41(b) Motion and permitted the Wrights to conduct two HRCP Rule 30(b)(6) depositions on a subject matter of their choice, finding that "there is at least evidence to show

---

[4] In their HRCP Rule 41(b) Motion, the Wrights asserted that USBNA's conduct in the case included "'deliberate delay, contumacious conduct' and 'actual prejudice[.]'" The Wrights requested dismissal of the case with prejudice or in the alternative an evidentiary hearing "at which time the extent of and the true reasons for such four and one-half year contumacious delay can be placed on the record of these proceedings under oath."

In addressing this motion, the circuit court indicated that it would treat the motion as a motion for sanctions for USBNA's alleged continual delays.

that [USBNA] has continued to engage in a delaying pattern." Further, on March 8, 2016, the circuit court filed an order which, *inter alia*, set an evidentiary hearing on the Wrights' motion and allowed the Wrights to conduct the two HRCP Rule 30(b)(6) depositions. Thus, based on the record before us in this appeal, the parties' rights remain undetermined with respect to the Wrights' HRCP Rule 41(b) Motion.

In short, because there is no order finally concluding the Wrights' post-judgment HRCP Rule 41(b) Motion, this court does not have jurisdiction to address the request for reconsideration of preliminary rulings on that motion in this appeal.[5]

Therefore, IT IS HEREBY ORDERED with respect to the following orders entered on February 12, 2016, by the Circuit Court of the Second Circuit, that:

(1) the "Order Granting in Part and Denying in Part [USBNA's] Motion to Set Supersedeas Bond For A Stay Pending Appeal" is vacated to the extent that it stayed the sale of the subject property pending appeal and required USBNA to deposit $100,000 in an interest bearing account, and

(2) the "Order Granting in Part and Denying in Part [USBNA's] Motion for Reconsideration of This Court's November 18, 2015 Rulings Regarding (1) [USBNA's] Motion to Set Supersedeas Bond For a Stay Pending Appeal and (2) [the Wrights'] HRCP Rule 41(b)(1) and (3) Motion for Involuntary Dismissal of [USBNA's] Complaint and This Entire Action With Prejudice For the Bad Faith Lack of Prosecution and For the Accompanying Disobeying of Court Orders" is likewise vacated to the extent that it failed to grant reconsideration regarding the stay of the sale of the property pending appeal and to the extent that it required USBNA to deposit $100,000 in a client trust account.

---

[5] On March 17, 2016, USBNA filed a motion for leave to file an interlocutory appeal and for a stay pending appeal regarding the Wrights' HRCP Rule 41(b) Motion. However, the record does not contain a ruling on that motion.

The case is remanded to the circuit court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 26, 2017.

On the briefs:

Edmund K. Saffery,
(Regan M. Iwao on the briefs),
Scott K.D. Shishido,
Linda L. Arakawa,
(Goodsill Anderson Quinn & Stifel)
for US Bank National Association,
as Trustee for the Structured Asset
Securities Corporation Mortgage
Loan Trust, 2006-NC1.

Gary Victor Dubin,
Frederick J. Arensmeyer,
(Dubin Law Offices)
for Daneford Michael Wright,
Ellareen Uilani Wright.

Presiding Judge

Associate Judge

Associate Judge

9